IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS SCOTT,

    Plaintiff,                      No. CIV S-05-1507 GEB DAD P

    vs.

JEREMY FOGEL,

    Defendant.                  FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Here, plaintiff claims that defendant District Judge Jeremy Fogel, of the U.S. District Court for the Northern District of California, abused his powers in denying plaintiff's petition for a writ of habeas corpus which challenged his state court sentence. Plaintiff seeks declaratory and injunctive relief. The court finds that venue for this action is properly with the U.S. District Court for the Northern District of California because the claim arose in Santa Clara County. See 28 U.S.C. § 1391(b). However, the court will not transfer the present action to the Northern District of California because plaintiff's claim is legally frivolous. Judges have absolute immunity when the challenged action is within the jurisdiction of the court. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996). Here, plaintiff is clearly challenging a ruling made by defendant Judge Fogel in his judicial

capacity. In addition, this judicial immunity extends to actions where plaintiff seeks only injunctive or declaratory relief. <u>Moore</u>, 96 F.3d at 1243.

In light of the above, plaintiff's motion for leave to proceed in forma pauperis should be denied because this civil rights action fails to state a civil rights claim upon which relief may be granted in this court. <u>See</u> 28 U.S.C. § 1915(e)(2).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 27, 2005 motion for leave to proceed in forma pauperis be denied; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 14, 2005.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
scot1507.56

3